949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Heidi GALKE, Successor Trustee of the John and Josephine
Selak 1981 Revocable Trust, Plaintiff-Appellee
v.
Roark McGONIGLE, aka Michael Rearden, Defendant-Appellant
 
 No. 90-16052.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Dec. 5, 1991.
 Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court imposed Rule 11 sanctions on Roark McGonigle (a/k/a Michael Rearden) for filing and prosecuting a frivolous petition for removal. We review the district court's imposition of Rule 11 sanctions under an abuse of discretion standard. Cooter & Gell v. Hartmax Corp., 110 S.Ct. 2447, 2460-61 (1990).
 
 
 3
 The two principal deficiencies in McGonigle's petition for removal would have been apparent to any reasonable person who had read the federal removal statute. 28 U.S.C. § 1446. McGonigle's petition for removal was untimely by almost a full year. 28 U.S.C. § 1446(b). The petition to remove a California state court action was not properly made in the U.S. District Court for the District of Hawaii. 28 U.S.C. § 1446(a). In addition, McGonigle could not make a reasonable argument based on existing law that his purported recitation of a federal question in his removal petition conferred subject matter jurisdiction on the district court. The district court properly concluded that McGonigle's petition was not well-grounded in fact or law, and did not represent a good-faith effort to extend, modify or reverse the law. Fed.R.Civ.P. 11.
 
 
 4
 The district court's conclusion that McGonigle had filed the removal petition for the improper purposes of harassing Heidi Galke and delaying her collection of a California judgment is also well-supported by the record. The district judge properly noted that McGonigle had engaged in a pattern of abusing the judicial process. McGonigle vigorously pressed an utterly frivolous petition even after he had attended a hearing on the removal of an unrelated divorce action and been instructed by the district court as to the proper use of the federal removal statute. We conclude that the district court acted properly when it held that McGonigle violated Rule 11 for vexatious and illegitimate purposes.
 
 
 5
 Galke seeks, and we grant, sanctions against McGonigle under Federal Rule of Appellate Procedure 38 because this appeal is frivolous. McGonigle appeals on the ground that he could not have learned from the experience of attempting to remove the unrelated divorce action because he had filed the removal petition in this case first. This is a misrepresentation of the basis for the district court's imposition of sanctions. The district court concluded that McGonigle should not have vigorously pursued a frivolous petition after having participated in a hearing in the district court where he received instruction from the court on the proper bases for removing a case. This conduct was a proper factual basis, among others, for the district court's conclusion that McGonigle's removal petition was filed for an improper purpose. We conclude that the imposition of double costs pursuant to FRAP 38 is appropriate in this case.
 
 
 6
 AFFIRMED, APPELLANT TO PAY DOUBLE COSTS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3